**Judges** — D. C. Westenhaver, Cleveland; John M. Killets, Toledo.

**Clerk**—Bertrand C. Miller, Federal Building, Cleveland.

**Chief Deputy**—Fred T. Denzler.

**District Attorney**—Edwin S. Wertz, Cleveland.

**Assistants** Joseph C. Breitenstein, B. W. Henderson, G. J. Pilliod, for Cleveland- Geo. Effler, Geo. E. Reed, for Toledo.

**U. S. Marshal**—George W. Stauffer, Ottawa.

**Chief Deputy** O. Krichbaum

**Deputies** H. D. Lingefelter, A. L. Gibson, D. C. Mahon, Chas. E. Pierce, Robt. S. Gawne, for Cleveland- Geo. R. Weeks, Elmer Flick, John L. Cass, Robert Neill, for Toledo.

**Deputies**—O. Kirchbaum, Norma Lapp, E. J. Dolan, Cleveland; Arthur J. Christy, S. W. Frankowski, Toledo.

**Terms of Court. Eastern Division—**

At Cleveland. First Tuesday in February, April and October.

At Youngstown. First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Present term at Cleveland began September 9; at Youngstown—

**Western Division—at Toledo—**

On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

#### SOUTHERN DISTRICT:

**Judges**—John E. Sater, Columbus; John W. Peck, Cincinnati.

**Clerk**—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnati, Chief Deputy.

**District Attorney**—James R. Clark, Cincinnati.

**Assistants**—Thomas Morrow, Allen C. Roudebush, Richard T. Dickerson, Cincinnati; Wiliam J. Ford, Richard T. Dickerson, Columbus.

**Terms of Court—Eastern Division—**

At Columbus, on the first Tuesday of June and December.

At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

**Western Division**—At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance.

### FEDERAL CASES
#### No. 97
#### HORST v. UNITED STATES, et al

U. S. District Court, S. D. Ohio W. D., Decided July 29, 1922

**WAR RISK INSURANCE**—(1) Congress has authority to change beneficiaries—(2) Will an effective designation of beneficiary.

PECK, D. J.:
##### Epitomized Opinion

Marshall was a soldier in the world war. He had been raised and cared for from infancy by an aunt, who signed his enlistment papers at time of enlistmetn; in France he applied for war risk insurance from his officers. He wanted to name his aunt beneficiary and was told that she was not one who could be, under the act of October 6, 1917, and was advised that he name none but make a will leaving it to his aunt. This was done. He was killed. He had a number of half brothers and sister who were collecting the monthly payments. The act was amended December 24, 1919, bringing the aunt within the class to whom benefits could be paid. Suit was brought to compel the payment to the aunt. The ones who were drawing payments contended:

(1) That they had a vested right in the right to receive these payments, which congress could not take away by amendment of December 24, 1919.

(2) That Marshall was not 21 when the will was made, designating his aunt beneficiary, and it is

(Continued on Page 136

### U. S. COMMISSIONERS

**Northern District**

Akron—Dow W. Harter.
Canton—Julius Whiting, Jr.
Cleveland — J. B. Waterworth, Otto J. Zinner, E. J. Hopple.
Toledo—Frank C. Crane, Fred W. Gaines.
Youngstown—Clifford M. Woodside.

**Southern District**

Bellefontaine—J. E. West.
Chillicothe—L. E. Evans.
Cincinnati—E. M. Hurley, T. M. Gregory.

Columbus—Henry Gumble, F. J. Wright.
Dayton—C. W. Levy.
Gallipolis—H. C. Johnston.
Ironton—Thos. A. Jenkins.
Marietta—T. J. Summers.
Portsmouth—John F. Johney.
Springfield—F. A. Johnston.
Steubenville—W. D. Miller.
Zanesville—F. F. Frazier.
Washington C. H.—A. C. Patton.
Steubenville—C. A. Vail.
Zanesville—E. R. Myer.
Eaton—A. M. Crisler.

# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; George H. Clark, Canton; Florence E. Allen, Cleveland; Robert Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

## SUPREME COURT
### SYLLABI

Judgment affirmed.

Marshall, C. J. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17756. The State of Ohio v. Clem Corwin. On Exceptions of the Prosecuting Attorney of Seneca County, Ohio.

CRIMINAL LAW—Acquittal for rape does not preclude second prosecution for rape with consent.

WANAMAKER, J.:

Where one is tried upon a charge of rape with force and violence, under Section 12413, General Code, and upon trial is acquitted of such charge, and thereafter he is indicted under Section 12414, General Code, charging rape with consent, and interposes a plea of former jeopardy to the second indictment, such plea upon demurrer of the state should be overruled. (State v. Rose, 89 Ohio St., 383, approved and followed.)

Exceptions sustained.

Marshall, C. J. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17161. Jacob E. Sloneker v. Alice Van Ausdall. Error to the Court of Appeals of Butler county.

SLANDER—(1) Good reputation of accused, when alleged and denied, becomes issuable—(2) May be proven in chief.

HOUGH, J.:

1. In an action for slander, the good reputation of plaintiff is presumed in law until attacked. When alleged in the petition and denied in the answer, the reputation of plaintiff becomes an issuable fact, and the denial in the answer whether general or specific is an attack.

2. When the pleadings raise an issue in respect to the good reputation of plaintiff, he may seek to prove it in chief as part of his case, and the admission thereof is not prejudicial error. (Blakeslee v. Hughes, 50 Ohio St., 490, overruled.)

Judgment of the court of appeals reversed and that of the common pleas affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias and Clark, JJ., concur.

No. 17387. Rodney J. Sanborn v. Mamie Sanborn. Error to the Court of Appeals of Lawrence county.

ESTOPPEL—Erroneous judgment not appealed from—payment of part—Estoppel to claim invalidity of other part of the judgment without restoration of sum paid.

MARSHALL, C. J.:

Where a court of competent jurisdiction, having all parties before it, and having jurisdiction of the subject-matter of the action, renders an erroneous judgment, and no appeal or error is prosecuted therefrom, and one of the parties accepts from the opposite party substantial sums of meny awarded by such judgment, and does not thereafter restore or tender restoration of the moneys so received, he is estopped in any collateral proceeding between the same parties from claiming the invalidity of that part of the judgment favorable to the opposite party.

Judgment reversed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17334. The John H. McGowan Co. v. The City of Portsmouth, Ohio. Error to the Court of Appeals of Scioto county.

WATERWORKS—(1) Permission to city to use, during construction—Additional expense, no implied contract that city shall pay for.

MATTHIAS, J.:

The provisions of a contract, duly executed by a city, for the erection of a waterworks plant contained a provision permitting the city to enter upon and use the whole or any portion of the work in condition to use previous to its final acceptance, of which provision the city availed itself:

HELD: That from such express provision there does not arise an implied contract binding upon the city under which the contractor may recover for engineering supervision, additional skilled labor and repairs furnished prior to the acceptance of the plant by the city, upon the claim that such supervision, labor and repairs were required to safely operate said plant or to maintain the same in the condition as installed until its final acceptance by the city.

Judgment affirmed.

Marshall, C. J., Hough, Robinson, Jones and Clark, JJ., concur. Wanamaker, J., took no part in the consideration or decision of the case.

---

No. 17354. The Citizens Savings & Trust Co., Trustees, et al., v. The Cincinnati & Dayton Traction Co., et al. Error to the Court of Appeals of Hamilton county.

RAILROADS—Mortgages—After acquired property—Consolidation of interurbans—Sale of property—Replacement—Apportionment of earnings—Duty of purchaser to maintain property—Abandonment of portion of lines—Foreclosure of mortgage—Personal judgment.

MARSHALL, C. J.:

1. An after-acquired property clause in a railroad mortgage operates to convey all additions and accretions to the real estate conveyed within the limits of its charter, not, however, including a railroad completely constructed and equipped by another railroad company under a separate charter thereafter joined by consolidation, unless it is so agreed and expressed in the termss of the consolidation.

2. Where several interurban railroads, each having full equipment of power and transmission, execute mortgages with after-acquired property clauses and thereafter consolidate under Ohio laws and thereafter the consolidated company leases the entire property to an operating company owning and operating no other railroadss, and such lessee builds a new central power plant on its own lands and dismantles and salvages all old plants, under a stipulation in the lease requiring the lessee to "maintain, renew and replace all necessary power houses," and further stipulating that upon termination of the lease all additions, improvements, franchises, rights and privileges appertaining to the demised property should be surrendered to the lessor without charge or cost to lessor, a trust is thereby imposed upon such central plant for the use of the divisional properties, and such plant becomes subject to the underlying mortgages.

3. Where in such case the lessee builds new transmission lines partly on railroad rights of way and partly on separate property, such separate property becomes an appurtenant to the contiguous railroad property and all such transmission lines become fixtures and subject to the mortgages.

4. In such case upon foreclosure of the divisional mortgages, the power plant not being divisible, and the transmission lines being of small value to the divisional properties if segregated and disconnected from the power plant, it is the duty of the court in the interest of conservation of values to order a sale of the power plant and transmission lines as an entirety and divide the proceeds in the ratio of the power requirements of each division.

5. Where such lease contains the further stipulation that lessee shall renew and replace the rolling stock and thereafter to replace worn out equipment, acquire additional rolling stock in its own name, all such additional equipment should upon insolvency and foreclosure be held to belong to the divisional properties and subject to the mortgages and if same cannot be equitably divided, should be sold and proceeds divided in the ratio of the car requirements of each division.

6. Where such consolidated company and its lessee acquire lots and parcels of land parallel to rights of way for the purpose of removing tracks from the highway and straightening curves, but such removalss are not fully executed at the time of foreclosure, all such lands used or immediately useful or adapted to prospective needs, become the property of the roads to which they are appurtenant and subject to the mortgages.

7. Where a railroad mortgage conveys its income but saving to the mortgagor the right to use the income until default in the payment of some part of the principal or interest, and with the further stipulation that the mortgagee may not take possession of the property or collect or receive the income nor begin foreclosure until such default continue for the period of six months, the net earnings of the road should be apportioned among the several divipacitics after six months from default.

void. She is not a designated beneficiary. The court held:

(1) That as the government was one party to the contract, being both law maker and insurer, the government may increase the classes of beneficiaries, so that the contract will conform to the true intent of the parties. The claim of vested right cannot be supported to do wrong, and violate the intent of the insured.

(2) That the will made under war circumstances was a valid designation of a beneficiary.

Attorneys—Robert Black, of Cincinnati, for plaintiff; Thomas H. Morrow, U. S. Atty., of Cincinnati, and E. H. Horton, Washington, for U. S.; Walter W. Helmholz, of Cincinnati, and Page & Hunt, of Los Anegeles, for other defendants.